No. 23-13250

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Christopher Gary Baylor,

*Appellant/Plaintiff,*

v.

THE FLORIDA KU KLUX KLAN, et al.,

*Appellees/Defendants.*

Appeal from the United States District Court for the Middle District of Florida
Case No. 6:23-cv-748-CEM-EJK
The Honorable Carlos Eduardo Mendoza

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC
## OR IN THE ALTERNATE FOR RECONSIDERATION

Christopher Gary Baylor
AAFA Advocate
3206 South Hopkins Ave, 43
Titusville, Florida 32780
Telephone: (484) 682-2605
cbaylor@aafa-law.org

## CERTIFICATE OF INTERESTED PERSONS &
## CORPORATE DISCLOSURE STATEMENT

The undersigned hereby certifies the following list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that may have an interest in the outcome of this appeal:

Anthony K. Black

Brian D. Lambert

Charles T. Canady

Christopher Gary Baylor

Craig C. Villanti

Curtis Jacobus

Daniel H. Sleet

Eric J. Eisnaugle

F. Rand Wallis

James A. Edwards

Jamie R. Grosshans

John A. Tomasino

John D. Couriel

John M. Harris

Jorge Labarga

Mark Clayton

Mary Beth Kuenzel

Patricia J. Kelly

Ricky Polston

Robert J. Morris Jr.,

Sandra B. Williams

Suzanne Y. Labrit

Pursuant to Eleventh Circuit Rule 26.1-3, the undersigned further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

/s/Christopher Gary Baylor
Christopher Gary Baylor

## RULE 35(b)(1) STATEMENT

I express belief, based on a reasoned and studied judgment, that this court's panel decision conflicts with a decision of the United States Supreme Court and court to which the petition is addressed, in the case of <u>Ebay Inc. v. Mercexchange, L. L. C.</u>, 547 U.S. 388, 126 S. Ct. 1837 (2006) <u>Florida v. Dep't of Health & Human Servs.</u>, 19 F.4th 1271 (11th Cir. 2021) and consideration by the full court is therefore necessary to secure and maintain uniformity of court decisions.

The panel Order at issue states that "*Appellant's emergency motion for an injunction pending appeal is DENIED.*" This summary conclusion conflicts with the authoritative decision of the United States Supreme Court, this court and every other United States Court of Appeals decision on this issue.

Three Judges of this court have already expressed that they are, very much like the Appellees/Defendants and District Court below, in an appropriate case and when the circumstances demand it, have no intention on rendering any decision or granting any equitable or lawful remedy, relief or redress to a Black unrepresented party, which has been and historically the trend and literal case against Black persons, including Appellant, by White Judges, or hundreds of years in the State(s) of Florida, Alabama and Georgia under the Eleventh Circuit Court of Appeals.

This is such the case. Thus the issue is made for rehearing *en banc* and/or in the alternate for reconsideration, to determine if every other White judge would not

be amenable to rehearing or reconsidering — based on an actual opinion *in lieu* of another palliative or unelaborated denial — because this is purely legal.

It concerns the plainly stated provision found in Rule 8 of the Federal Rules of Appellate Procedure:

**Motion in the Court of Appeals; Conditions on Relief**

A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges. The motion must: show that moving first in the district court would be impracticable; or state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action. The motion must also include: the reasons for granting the relief requested and the facts relied on; originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and relevant parts of the record. The moving party must give reasonable notice of the motion to all parties. A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court.

Notwithstanding the absence of any consideration of the guidelines stated explicitly in the provision above, it is also easy to "conclude that neither court . . . correctly applied the traditional four-factor framework that governs the award of injunctive relief." eBay, 547 U.S. at 394, 126 S. Ct. 1837.

While this court notes that granting a Motion for injunctive relief pending appeal is an "extraordinary remedy," when considering such a Motion, the court is guided by jurisprudence under Fed. R. App. P. 8(a), and should assess the movant's chances for success on appeal and weigh the equities as they affect the parties and the public. *See* Hilton v. Braunskill, 481 U.S. 770, 776 (1987). This court "failed to

5

cite a single. . statute, . . rule of court, or . . decision. *Id*. at 782.

It would seem thus apparent that the District and Circuit courts would rather perhaps refrain from issuing an actual opinion on some basis "without prejudicing the ultimate disposition of this case by a merits panel . . . [and] determine that [a party] has not met its burden. Celsis in Vitro, Inc. v. Cellzdirect, Inc., 428 F. App'x 987 (Fed. Cir. 2011). But where the Circuit court above found some determination, once again, this court has found none. *Cf.* Florida v. Dep't of Health & Human Servs., 19 F.4th 1271 (11th Cir. 2021).

Rule 8 states in pertinent part that, District court need only "fail to afford the relief requested." If District court fails to act before the proscribed time when such relief is available, does failure to act constitute an implicit denial of relief? Ninth Circuit has said, when a District court's fails to act on a Motion — constitutes as an implicit denial of that Motion. U.S. v. Krylov, 431 F. App'x 566 (9th Cir. 2011).

There is very little to no guidance here on this issue, however it does appear that the Eleventh's Circuit denial of injunctive falls under the same basis of denial found in Celsis in Vitro, Inc. v. Cellzdirect, Inc., which surely implicates the Equal Protection and Due Process Clause, including the chilling affects on speech.

The panel decision issued in this case stands in stark contrast to the right to the Constitution and majority Rule on both questions at once. Such [parties] may be able to satisfy the traditional four-factor test, and. . . categorically denying them

the opportunity to do so — to the extent that the Court adopted such a categorical rule, then. . . cannot be squared with the principles of equity adopted by Congress. eBay, 547 U.S. at 394, 126 S. Ct. 1837.

Thus, this appeal involves one or more questions of exceptional importance: Whether equitable or lawful relief is available to a party who suffers additionally a violation of First and Fifth Amendment rights on appeal when no relief is available in the District court.

Because, had this case been brought in another circuit, the result would have been different as a pure matter of law. *accord* Capstone Logistics Holdings, Inc. v. Navarrete, 18-3500-cv (2d Cir. Mar. 5, 2020); Hund v. Bradley, 20-3908-cv (2d Cir. Apr. 26, 2021).

This petition thus presents "questions of exceptional importance" because "the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed."


Christopher Gary Baylor
AAFA Advocate
3206 South Hopkins Ave, 43
Titusville, FL 32780
Telephone: (484) 682-2605
cbaylor@aafa-law.org

## ISSUES WARRANTING EN BANC CONSIDERATION

Whether equitable or lawful relief is available to a party who suffers additionally a violation of First and Fifth Amendment rights on appeal when no relief is available in the District court.

If District court fails to act before the proscribed time when such relief is available, does failure to act constitute an implicit denial of relief

## PRIOR PROCEEDINGS AND DISPOSITION OF THE CASE

Appellant/Plaintiff, Christopher Gary Baylor, commenced the instant case in the District court, asserting by Complaint, that Appellees/Defendants violated his First, Ninth and Fourteenth Amendment rights by retaliating and discriminating against him for filing grievances on or about December 2021. Since that time, Appellees have refused to provide Appellant with any Notice, including copies of court papers, and have dismissed as a result, his State court appellate proceedings, from which there is no immunity from injunctive relief for such acts under any theory.

The District court has since, refused to rule on any Motions, Pleadings, or other papers, or make any decisions in Appellant's instant case, or companion case, commenced August 1, 2022 currently pending before it for more than one (1) year, clearly seen on the face of the record.

In order to prevent further irreparable harm, Appellant moved for emergency injunctive relief in the District court, which remains unopposed. However, District

court refused to grant or deny Appellant any relief, and as a result, his State court case was once again dismissed on newly asserted grounds, *sua sponte*, absent any basis of law.

These issues are currently before the District court due to the reason, despite the intervention of the State's Supreme Court Chief Justice, no relief can be had anywhere in Florida, including declaratory relief.

While Appellant's State court case was dismissed September 22, 2023, a timely Motion was filed tolling the time for appeal, from which there also can be no relief. To that affect, Appellant seeks relief from conduct capable of repeating yet evading review, pending final disposition of the final Motion in the State court case.

For these reasons, Appellant moved for injunctive relief in this court under Rule 8, which was denied without explanation on October 19, 2023.

Now, Appellant moves for rehearing, rehearing *en banc* or reconsideration in light of these special, unique, exceptional and extraordinary circumstances.

**ARGUMENT**

The plain language of the Federal Rules of Appellate Procedure make it clear that the majority Rule is also the correct Rule. In standing with the extreme minority or by itself, this court contravenes the basic tenants of the Rules it should otherwise consider outside the four-factors to interpret whether the issuance of

injunctive relief is appropriate in any given case. Alone, Rule 8 does not bar any relief, except in the absence of any showing of the terms stated therein, which the Appellant met.

Likewise, Federal Rule of Civil Procedure 52(a) sets the basis for how a district court should proceed, requiring that in granting or refusing interlocutory injunctions, the court shall set forth the findings of fact and conclusions of law which constitute the grounds of its action. Fed.R.Civ.P. 52(a); Inverness Corp. v. Whitehall Laboratories, 819 F.2d 48, 49 (2d Cir. 1987). The rule serves a number of purposes. First, it aids the appellate court in understanding the ground or basis for the trial court's decision. *Id*. (citations omitted). "It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) of the Rules of Civil Procedure." Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S. Ct. 517, 520, 84 L. Ed. 774 (1940).

Second, the rule encourages the trial judge to ascertain the facts with due care and render a decision in accord with the evidence and the law. Inverness, 819 F.2d at 50. What is adequate to serve these two purposes depends on the importance of an issue, its complexity, the depth and nature of the evidence presented, and similar elements that may vary from case to case. *See* Kelley v. Everglades Drainage Dist., 319 U.S. 415, 420-22, 63 S. Ct. 1141, 1144-45, 87 L.

Ed. 1485 (1943); 9A C. Wright and A. Miller, Federal Practice and Procedure § 2579 (2d. ed. 1995).

While both the District and Appellate courts in the Eleventh Circuit have denied review even by way of Appellant's Motion for injunctive relief, other courts have said, "of course, we may proceed with appellate review despite inadequate findings if we are able to discern enough solid facts from the record to permit us to render a decision. Tekkno Laboratories, Inc. v. Perales, 933 F.2d 1093, 1097 (2d Cir. 1991).

Given that other Circuits nevertheless follow the law without addressing the contrary logic, textual reasoning, and holdings of other Circuits, have developed reasonably consistent practices of applying the four-factor test, unlike the Eleventh Circuit. This Court should grant rehearing in order to consider for the first time — Appellant's unopposed arguments for injunctive relief, that fall well-in-line with the overwhelming majority of federal courts that reject the categorical Rule of denying injunctive relief without consideration of any factors, whether under the Rule or law of the case doctrine.

Otherwise, this court's actions of clearly departing from the law in order to categorically eliminate Black Appellant's claims for injunctive relief, is sobering, and fall in line with the biased conduct of the Appellees and District court.

Barring both equitable and lawful relief absent any meaningful opinion or

decision based on law, does nothing more than give White officials free reign to maliciously, discriminatorily, invidiously and sadistically terrorize and torture Blacks, so long as they take care not to make any overt showings of discrimination, which raises more questions than what are not being answered.

Appellant's right to seek rehearing or reconsideration of his Motion for injunctive relief, should turn on the issues presented in this Petition and Motion, but this Court will undoubtedly depart from the law when the Rules or Constitution is to be applied to Blacks. Thus, there is no reason to delay Appellant's Petition, since these issues should also be tried before the United States Supreme Court as early as reasonably possible.

## CONCLUSION

The Court should grant panel rehearing or rehearing en banc.

Respectfully Submitted,

Christopher Gary Baylor
AAFA Advocate
November 13, 2023                    3206 South Hopkins Ave, 43
Titusville, FL 32780
Telephone: (484) 682-2605
cbaylor@aafa-law.org

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to Fed. R. App. P. 35 and 11th Cir. R. 35, I hereby certify that:

1.     This petitition complies with the type-volume limitations of Fed. R. App. P. 35(b)(2)(A) and because this brief contains 2,473 words, including the parts exempted by 11th Cir. R. 35-1.

2.     This Petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

Dated: November 13, 2023                    /s/Christopher Gary Baylor
                                             Christopher Gary Baylor

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on November 13, 2023, I electronically filed the foregoing *Petition for Panel Rehearing and Rehearing En Banc* with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


Dated: November 13, 2023                     /s/Christopher Gary Baylor
                                                              Christopher Gary Baylor