[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13250

Non-Argument Calendar

_____

CHRISTOPHER BAYLOR,

Plaintiff-Appellant,

*versus*

THE FLORIDA KLU KLUX KLAN FOR THE
TRADITIONALIST AMERICANS,
United Northern and Southern Chapter,
and Ladies of the Invisible Empire,
CHARLES T. CANADY,
RICKY POLSTON,
JAMIE GROSSHANS,
JORGE LABARGA, et al.,

2                    Opinion of the Court                    23-13250

                                        Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00748-CEM-EJK

————————————————

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Christopher Baylor appeals from the district court's "implicit denial" of his motion for injunctive relief and his petition to disqualify the district judge. He further purports to appeal any earlier judgments, opinions, rulings, or orders subsumed within that implicit denial.

We lack jurisdiction to review an implicit or expected order. *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (holding that a notice of appeal must designate an already existing order and not one that is merely expected to be entered in the future). The district court has not entered an order on Baylor's motion for injunctive relief or his petition to disqualify. The only orders it entered before Baylor appealed were initial orders regarding discovery motions and case deadlines and an order striking Baylor's initial disclosure statement. Those rulings cannot be subsumed within a non-existent order and are not immediately

appealable under the collateral order doctrine. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (stating that an order is immediately appealable under the collateral order doctrine if it conclusively determines a disputed question and is effectively unreviewable on appeal from a final judgment).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.